UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BILLY JOE PATTON                                                                            PETITIONER

V.                                             CIVIL ACTION NO. 3:24-CV-842-KHJ-MTP

WARDEN MICHELE DAUZAT                                                         RESPONDENT

ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1631

This case is before the Court sua sponte. Pro se Petitioner Billy Joe Patton is incarcerated by the Louisiana Department of Public Safety and Corrections, and he brings this 28 U.S.C. § 2254 action, challenging a Mississippi conviction. Pet. [1]. The Court finds that this is a successive petition. Patton has not received permission to proceed; the Court therefore transfers this case to the Fifth Circuit Court of Appeals.

In February 1994, Patton was convicted in the Circuit Court of Lauderdale County, Mississippi, of sexual battery of a minor. [1] at 1; Mem. Supp. Pet. [6] at 33. As a result, he was sentenced to 15 years in the custody of the Mississippi Department of Corrections. [1] at 1.

Patton is now housed at the David Wade Correctional Center in Homer, Louisiana, serving time for Louisiana convictions of aggravated kidnapping and forcible rape. *See* IFP Mot. [2] at 2; Mot. for Separate Ruling [10] at 64; *see also* R. & R. at 2, *Patton v. Cain*, No. 3:16-CV-10 (M.D. La. Mar. 8, 2019), ECF No. 17. He

contends the sentences were enhanced based on his previous Mississippi conviction. *See* [1] at 13–14.

On December 30, 2024, Patton filed this [1] Petition, challenging his Mississippi conviction for sexual battery. He alleges that he was denied an evidentiary hearing in his prior habeas case, there was insufficient evidence, the indictment lacked probable cause, he is innocent, he was denied appellate counsel, he received ineffective assistance of trial counsel, and his plea was involuntary and without a factual basis. *See id.* at 5, 7–8, 10; [6] at 20, 35. Patton asks the Court to invalidate the Mississippi conviction for sexual battery. [1] at 15.

As Patton acknowledges, he previously filed a petition for habeas relief in this Court, challenging the same sexual-battery conviction. *See* R. & R. at 1, *Patton v. Mississippi*, No. 4:97-CV-89 (S.D. Miss. Oct. 6, 1999), ECF No. 7. Patton argued, among other things, that he received ineffective assistance of counsel and pleaded guilty involuntarily. Pet., *Patton*, No. 4:97-CV-89, ECF No. 1. The Court dismissed the case with prejudice as procedurally defaulted on October 26, 1999. Order, *Patton*, No. 4:97-CV-89, ECF No. 64; R. & R. at 9, *Patton*, No. 4:97-CV-89, ECF No. 56. The Fifth Circuit dismissed the subsequent appeal for failure to prosecute. Order, *Patton v. Mississippi*, No. 99-60822 (5th Cir. Apr. 18, 2000), ECF No. 53. Seventeen years later, Patton moved this Court for reconsideration, which the Court denied. Order at 1, *Patton*, No. 4:97-CV-89, ECF No. 84. The Fifth Circuit denied a certificate of appealability. Order, *Patton v. Mississippi*, No. 17-60656 (5th Cir. Sept. 26, 2018), ECF No. 30-2.

2

A petitioner who is filing a second or successive petition for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit has "defined a 'second or successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).

The grounds that Patton raises were either raised or available to him when he filed his first habeas petition. The Court thus finds the [1] Petition to be successive within the meaning of Section 2244(b)(3)(A). Patton has submitted no documentation showing that he obtained the required authorization from the Fifth Circuit to file this successive [1] Petition. This Court has determined that, in the interest of justice, pursuant to 28 U.S.C. § 1631, this cause should be transferred to the Fifth Circuit for a determination of whether this successive [1] Petition should be allowed. *See, e.g.*, *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

IT IS THEREFORE ORDERED AND ADJUDGED that the [1] Petition for habeas corpus relief is transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court shall close this case pending the Fifth Circuit's decision.

SO ORDERED AND ADJUDGED, this 7th day of April, 2025.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE